[922 NYS2d 190]

In the Matter of STEPHEN GERARD GORRAY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 3, 2011

### APPEARANCES OF COUNSEL

*Robert A. Green,* Hauppauge (*Michael Fuchs* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated July 22, 2009, that branch of the prior motion of the Grievance Commit-

tee for the Tenth Judicial District (hereinafter the Grievance Committee) which was for the appointment of a qualified medical expert to examine the respondent to determine whether he is incapacitated from practicing law by reason of medical illness was granted, and those branches of the motion which were for the respondent's immediate suspension from the practice of law on the ground of disability and for the appointment of a guardian of the property to inventory his files were held in abeyance pending receipt of the medical expert's report. By decision and order on motion of this Court dated November 16, 2009, those branches of the Grievance Committee's motion which were held in abeyance were denied, upon receipt of the medical expert's report, and the matter was remitted to the Grievance Committee to continue its investigation of the respondent. By decision and order on application dated October 25, 2010, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based upon a verified petition dated June 8, 2010, the respondent was directed to submit an answer to the verified petition within 20 days after service upon him of the petition, and the issues raised by the petition and any answer thereto were referred to the Honorable Kenneth A. Davis, as Special Referee, to hear and report.

The verified petition contains nine charges of professional misconduct against the respondent, including neglecting clients' legal matters; violating his fiduciary obligations by advancing disbursements on behalf of a client from his attorney trust account when no funds relating to that client were on deposit in the account; violating his fiduciary obligations by issuing a check from his attorney trust account without sufficient funds available in the account, resulting in the check being dishonored; violating his fiduciary obligations by issuing three checks from his attorney trust account for non-client-related matters; violating his fiduciary obligations by issuing two checks from his attorney trust account without sufficient funds being on deposit, resulting in the checks being dishonored; and engaging in conduct adversely reflecting on his fitness as a lawyer by failing to properly maintain his attorney trust account.

Pursuant to the decision and order on application dated October 25, 2010, a notice of petition dated November 3, 2010, along with a copy of the verified petition dated June 8, 2010, and a copy of the decision and order on application, were personally served upon the respondent on November 8, 2010. Although

the decision and order on application directed that the respondent serve an answer to the verified petition within 20 days, he failed to do so. The respondent is, therefore, in default, and the charges must be deemed established.

Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and LEVENTHAL, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Stephen Gerard Gorray, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Stephen Gerard Gorray, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Stephen Gerard Gorray, is commanded to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Stephen Gerard Gorray, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).